**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

PENNY S. COLE O/B/O J.G.C.,

       Plaintiff,

vs.                            CASE NO. 6:11-cv-1187-Orl-TEM

COMMISSIONER OF SOCIAL SECURITY,

       Defendant.

_____

**ORDER AND OPINION**

      This case is before the Court on Plaintiff's complaint (Doc. #1).  Plaintiff Penny S.

Cole seeks review of the final decision of the Commissioner of Social Security that denied

Plaintiff's claims for supplemental security income (SSI) disability payments to Plaintiff's

son, J.G.C.,  a minor child.  This Court has authority to conduct the requested review.  42

U.S.C. § 405(g).

      Plaintiff filed a legal brief in opposition to the Commissioner's decision (Doc. #18,

Plaintiff's Brief).   Defendant filed his brief in support of the decision to deny disability

benefits (Doc. #19, Defendant's Brief).   Both parties have consented to the exercise of

jurisdiction by a magistrate judge (*see* Doc. #15, Order of Reference).   The case was

reassigned to the undersigned on February 24, 2012.   The Commissioner has filed the

transcript of the administrative proceedings (hereinafter referred to as "Tr." followed by the

appropriate page number).

      Upon review of the record, the undersigned found the issues raised by Plaintiff were

fully briefed and determined oral argument would not benefit the Court.  Accordingly, the

instant matter has been decided on the written record.  For the reasons set out herein, the

Commissioner's decision shall be affirmed.

## PROCEDURAL HISTORY

Penny Cole, protectively filed an application for SSI on behalf of her son, J.G.C. (hereinafter "J.C."), on January 24, 2008 (Tr. 93).[1]  Plaintiff claimed her son had been disabled since August 1, 2001.  *Id.*  In the Disability Report - Field Office that was completed on May 1, 2008, Plaintiff alleged J.C.'s disabling conditions were a learning disability, potential Attention Deficit Disorder (ADD) and a heart condition that had already resulted in two open heart surgeries (Tr. 176).

Plaintiff's application was denied initially and on reconsideration (Tr. 47, 55).  A hearing was held on June 7, 2010, before Administrative Law Judge (ALJ) Janet Mahon (Tr. 23-43).  Plaintiff was represented at the administrative hearing by attorney J. Michael Matthews.  *Id.*  Subsequently, on June 23, 2010, the ALJ issued an unfavorable decision (Tr. 10-22).  The Appeals Council denied review of the ALJ's decision (Tr. 1-4).  Thus, the ALJ's decision became the final decision of the Commissioner.  Thereafter, Plaintiff's current legal counsel, Mr. Richard A. Culbertson, Esq., filed the instant complaint in federal court on July 18, 2011.

## SOCIAL SECURITY ACT ELIGIBILITY, THE ALJ'S DECISION
## AND THE STANDARD OF REVIEW

In order for an individual under the age of eighteen to be entitled to SSI disability payments, the child claimant must have "a medically determinable physical or mental impairment, which results in marked and severe functional limitations, and . . . which has

---

[1]An earlier application for SSI disability payments for J.C. was filed on November 18, 2005 (Tr. 90-92).  Final disposition of that application is unknown.

lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. § 1382c(a)(3)(C)(i); 20 C.F.R. § 416.906.[2]  Under the applicable regulations, the Commissioner employs a three-step evaluation process.  20 C.F.R. § 416.924(a).  First, the ALJ must determine whether the claimant is engaged in substantial gainful activity.  If not, the next determination is whether the claimant has a severe impairment or combination of impairments.  If so, the Commissioner must then determine whether the impairment or combination of impairments meet or is medically or functionally equal to an impairment listed in Appendix 1 of 20 C.F.R. part 404, subpart P, and otherwise satisfy the duration requirement.  When the claimant fails to satisfy any of the criteria, the child will be found not disabled.  When each of these requirements is satisfied, the child claimant will be found disabled.  20 C.F.R. §§ 416.924 -416.926a; *Wilson v. Apfel*, 179 F.3d 1276, 1277 n.1 (11th Cir. 1999).

As in all Social Security disability cases, the plaintiff bears the ultimate burden of proving disability, and is responsible for furnishing or identifying medical and other evidence regarding the claimed impairments.  *Bowen*, 482 U.S. at 146 n.5; *Carnes v. Sullivan*, 936 F.2d 1215, 1218 (11th Cir. 1991); *McSwain v. Bowen*, 814 F.2d 617, 619 (11th Cir. 1987); 42 U.S.C. § 423(d)(5) ("An individual shall not be considered to be under a disability unless he [or she] furnishes such medical and other evidence of the existence thereof as the Commissioner of Social Security may require.").  It is a plaintiff's burden to provide the relevant medical and other evidence that he or she believes will prove the existence of disabling physical or mental functional limitations.  20 C.F.R. § 416.912.

---

[2] Unless otherwise specified, all references to 20 C.F.R. will be to the 2012 edition.

The ALJ's decision denied Plaintiff's application for J.C.'s asserted disability (Tr. 7-22).  At step one, the ALJ found the child had not been engaged in substantial gainful activity since the application date (Tr. 13).  The ALJ also found the child to be an adolescent at all relevant times.  *Id.*  At step two, the ALJ found the child had the severe impairments of "ADHD and borderline intellectual functioning."[3]  *Id.*  At step three, the ALJ found these impairments did not meet or equal, either singly or in combination with any other impairment, any of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.  *Id.*  The ALJ further found that the child's impairments, either singly or in combination, did not functionally equal the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1.  *Id.*  The ALJ analyzed the child's impairments under each of the six functional equivalence domains and found J.C. either had no limitation, or was less than markedly limited, in acquiring and using information, interacting and relating with others, moving about and manipulating objects, caring for oneself, and health and physical well-being (Tr. 17-21).  The ALJ found a marked limitation J.C.'s ability to attend and complete tasks (Tr. 18).

The scope of this Court's review is limited to determining whether the ALJ applied the correct legal standards, and whether the findings are supported by substantial evidence.  *See Richardson v. Perales*, 402 U.S. 389, 390 (1971); *McRoberts v. Bowen*, 841

---

[3]ADHD is the acronym for attention deficit hyperactivity disorder.  ADHD is defined as: a behavioral disorder manifested by developmentally inappropriate degrees of inattentiveness (short attention span, distractability, inability to complete tasks, difficulty in following directions), impulsiveness (acting without due reflection), and hyperactivity (restlessness, fidgeting, squirming, excessive loquacity). Online Medical Dictionary, http://www.medilexicon.com/medicaldictionary.php (last visited Sept. 12, 2012).

F.2d 1077, 1080 (11th Cir. 1988).  The Commissioner's findings of fact are conclusive if supported by substantial evidence.  42 U.S.C. § 405(g).  Substantial evidence is defined as more than a scintilla—*i.e.*, the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion.  *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (*citing Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982)).

Where the Commissioner's decision is supported by substantial evidence, the Court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision.  *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991).  The district court must view the evidence as a whole, taking into account evidence favorable, as well as unfavorable, to the decision.  *Foote*, 67 F.3d at 1560.

The Commissioner must apply the correct law and demonstrate that he has done so.  While the Court reviews the Commissioner's decision with deference to the factual findings, no such deference is given to the legal conclusions.  *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994) (*citing Cornelius v. Sullivan*, 936 F.2d 1143, 1145 (11th Cir. 1991)).  Therefore, in determining whether the Commissioner's decision is supported by substantial evidence, the reviewing court must not re-weigh the evidence, but must determine whether the record, as a whole, contains sufficient evidence to permit a reasonable mind to conclude that the plaintiff is not disabled.  *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983).

**ANALYSIS**

J.C. was born January 29, 1996 (Tr. 90).  J.C. was in 5th grade at the time of the application for SSI and in the 7th grade at the time of the hearing (*see* Tr. 26-27, 93, 139-42).  He has no work history, but has a history of attending school, with numerous absences, and a medical history of heart problems since infancy and ADHD dating from February 2008 (*see* Tr. 100-60, 267-318, 319-33, 338-46).

Plaintiff raises a single, yet multi-faceted, issue on appeal.  Plaintiff argues that the ALJ erred by not finding J.C. had a marked or extreme limitation in the domains of attending and completing tasks and acquiring and using information. Plaintiff's Brief at 10-16.  Plaintiff asserts the ALJ reached these erroneous conclusions due to a failure to state with sufficient clarity the weight given to certain evidence, and/or the reasons therefor.  *Id.* More particularly, Plaintiff argues the "problem is that the ALJ did not consider any of the evidence indicating that [J.C.] has extreme limitations in [the attending and completing tasks] domain" and "the ALJ did not mention [certain] opinions when he considered the domain of acquiring and using information."  *Id.*  at 10, 14.  Plaintiff additionally argues the ALJ erred in not considering J.C.'s  IQ results or his status as a special education student. *Id.* at 16.

The Commissioner responds that the ALJ's decision was based on substantial evidence and should be affirmed.  Defendant's Brief at 9.  The Commissioner argues that the ALJ properly considered and weighed the evidence before her in reaching her conclusion that J.C. had only one marked limitation.  *Id.*  The Commissioner further argues that although the ALJ did not specify the weight given to Plaintiff's lay testimony as J.C.'s mother, the ALJ's rejection of J.C.'s allegations regarding his symptoms constituted a

sufficient implicit rejection of Plaintiff's testimony as well.  *Id.* at 16-17.

The Court's independent review of the record reveals substantial evidence supports the ALJ's factual findings and there is no reversible error.  The Court will address Plaintiff's claims of error in the order most logical to the Court.

## Opinion Evidence from the Child's Teachers and Mother

Plaintiff argues that the ALJ committed reversible error by failing to address and/or discuss the weight, if any, given to the opinions of J.C.'s mother and teachers.  Plaintiff's Brief at 14-16.

### *J.C.'s Mother*

Although Plaintiff argues that the ALJ erred by failing to evaluate the weight to be accorded to her lay testimony, the Court disagrees.  All that is required of an ALJ regarding non-medical source evidence is that the evidence be considered.  *See* 20 C.F.R. §§ 416.926, 416.926a, 416.927, 416.929.  There is no requirement that an ALJ give any particular amount of weight to non-medical source evidence, such as testimony from a family member.  *Butler v. Astrue*, No. CA 11-00295-C, 2012 WL 1094448, at *5 (S.D. Ala. Mar. 30, 2012) (citations omitted) (discussing testimony from the plaintiff's mother).[4]  Thus, an ALJ may "disregard lay witness testimony [if] 'he or she expressly determines to disregard such testimony and gives reasons germane to each witness for doing so.'" *Rask v. Astrue*, No. 3:10-cv-01082-SI, 2011 WL 5546935, at *11 (D.Or. Nov. 14, 2011) (quoting

---

[4] Unpublished opinions may be cited throughout this report and recommendation as persuasive on a particular point.  The Court does not rely on unpublished opinions as precedent.  Citation to unpublished opinions on or after January 1, 2007 is expressly permitted under Rule 32.1, Fed. R. App. P.  Unpublished opinions may be cited as persuasive authority pursuant to the Eleventh Circuit Rules.  11th Cir. R. 36-2.

*Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001)).  However, even when it is not clear from the decision whether the ALJ considered the lay testimony of a claimant's family member, courts have not hesitated to find that an express rejection of the claimant's testimony sufficiently implies a rejection of the family member's testimony as well.  *See Osborn v. Barnhart*, 194 Fed. Appx. 654, 666 (11th Cir. 2006) ("[W]e conclude that the ALJ's specific and explicit credibility determination as to Osborn's testimony sufficiently implies a rejection of Mrs. Osborn's testimony as well.").

In this case, however, ALJ Mahon did not ignore or reject Plaintiff's testimony. In fact, the ALJ devoted a significant portion of her decision to the Plaintiff's testimony and to the opinion evidence from J.C.'s intensive math teacher, Ms. Candice Mezzano (*see* Tr. 14-16).[5]  Review of the record reveals the ALJ has accurately portrayed this evidence in the decision.  Thus, the undersigned finds the ALJ clearly considered Plaintiff's lay testimony in making her findings and there is no error in the ALJ's treatment of that testimony.

### *Teachers' Opinions*

Plaintiff also argues that the ALJ erred in considering the opinions proffered by a number of J.C.'s  teachers, particularly Ms. Candice Mezzano.  *See* Plaintiff's Brief at 11-12, 14-15.  As indicated above, the ALJ extensively discusses Ms. Mezzano's opinion evidence in the decision, both in the body of the decision and within the sections pertaining to domain findings for the functional equivalence review (*see* Tr. 16-21).  Plaintiff argues the ALJ erred because she failed to consider or evaluate, what Plaintiff sees as, evidence

---

[5]The Court takes note that the ALJ also gave due consideration to the testimony of J.C., the minor child (*see* Tr. 14).

supporting a different finding than that reached by the ALJ.  The Court disagrees.

Teachers, and other non-medical sources, may be treated as valuable resources when determining the severity of the child's impairment and how the child usually functions in comparison to other children of the same age.  20 C.F.R. § 416.913(d).  The opinions of school teachers, "who have had extended contact with the claimant [child] in their professional capacity may outweigh the opinions of treating or examining sources, if their opinions are supported by other record evidence and if the source sufficiently explains the opinion." *Cox ex rel. J.J.R. v. Astrue*, No. 10-00554-B, 2012 WL 1094443, at *8 (S.D. Ala. Mar. 30, 2012) (citations omitted).  However, the ALJ is required only to consider these non-medical opinions; there is no requirement that such evidence be weighed in any particular manner.  *See* 20 C.F.R. § 416.913(d).  This duty to consider the evidence is met when an ALJ "describe[s] his analysis with enough detail to satisfy a reviewing court that he gave all of the relevant evidence before him [or her] its due regard."  *Reed ex rel.  DMR v. Astrue*, No. 09-0149-KD-N, 2009 WL 3571699, at *2 (S.D. Ala. Oct. 26, 2009) (citations omitted).  In this case, ALJ Mahon clearly gave Ms. Mezzano's opinion of J.C. its due regard.

Although Plaintiff cites to *Cowart v. Schweiker* as authority for the proposition that "the ALJ has a duty to make clear the weight accorded to each item of evidence and the reasons for the decision," Plaintiff's reliance is misplaced.  *See* Plaintiff's Brief at 10 (citing *Cowart v. Schweiker*, 662 F.2d 731, 735 (11th Cir. 1981)).  In *Cowart v. Schweiker*, the Eleventh Circuit found "serious procedural deficiencies in the administrative proceedings" and determined the ALJ had not met the special duty to fully and fairly develop the record in which an unrepresented claimant had not effectively waived her statutory right to

counsel.  662 F.2d 733-735.  It is within this context that the appellate court found the ALJ's statement that he had "carefully considered all of the testimony ... and exhibits ... and [had] given weight to each" as he felt "should be properly accorded," was inadequate.  *Id.* at 735.  The *Cowart* court was called upon to examine whether the plaintiff's due process rights were violated and whether the ALJ failed to develop a full and fair record for the *pro se* claimant.  Such issues are not present in this case.   Moreover, although an ALJ may have a duty to make clear the weight accorded each item of evidence and the reasons for his decision, there is no requirement the ALJ must specifically refer to every piece of evidence in the decision.  *See Reed ex rel. DMR*, 2012 WL 3571699 at *3-4 (citing to *Randolph v. Astrue*, 291 Fed. Appx. 979, 982 (11th Cir. 2008) citing to *Cowart*, 662 F.2d at 735; *Dyer v. Barnhart*, 395 F.3d 1206, 1211 (11th Cir. 2005)).

Here, Plaintiff's argument centers on the ALJ's failure to discuss the opinions of two of J.C.'s former teachers and the opinion of Ms. Mezzano, as mentioned above.[6]  *See* Plaintiff's Brief at 14-16.  Having found no error in the ALJ's consideration of Ms. Mezzano's opinion evidence, the Court now turns its attention to the evaluations of J.C. completed by other teachers and not directly discussed by the ALJ.

In June 2010, Ms. Tamara Cox completed a Teacher Questionnaire (Tr. 254-61).  J.C.'s former teacher, Ms. Elaine Pace, completed the same questionnaire in May 2008 (Tr. 185-92).   J.C. was in the fifth grade when Ms. Pace filled out the questionnaire and commented:

---

[6]Discussion concerning Plaintiff's claim of error with regard to the opinion evidence from a school psychologist in 2004 is found in the next section of this Order and Opinion.  As Plaintiff did not raise the ALJ's lack of consideration of Mr. Ethan Maskoff's Teacher Questionnaire (Tr. 205-13) as a point of error, the Court does not discuss that opinion.

> I believe if [J.C.] stayed in one school, attended class regularly, and completed homework he would improve tremendously.  He has made outstanding gains in the few months he has been in my class.  While he has been here, he has been willing to work hard to be successful in the classroom setting.  He is very interested in school, especially science.  He does need assistance in all areas.  I think with this assistance he would become more confident, which would in turn help the social issues as well as the academic.

(Tr. 192).  Ms. Pace additionally marked that J.C. had serious problems seven categories and a very serious problem in one category (expressing ideas in written form) within the domain of acquiring and using information, and serious problems in three categories and very serious problems in two categories within the domain of attending and completing tasks (Tr. 186-87).  She noted the child needs to be redirected frequently but responds very well to one-step instructions and to new material if he is not overloaded or frustrated.  *Id*

Ms. Cox was J.C.'s seventh grade science teacher and completed the same questionnaire as Ms. Pace.  Ms. Cox merely blacked in each of her responses from the multiple choices available and did not include any commentary other than to note the child had seventeen absences (*see* Tr. 254-61).  Ms. Cox marked that J.C. had serious problems in two categories and no very serious problems within the domain of acquiring and using information, and he had serious problems in seven categories and no very serious problems within the domain of attending and completing tasks (Tr. 255-56).

While it may have been preferable for the ALJ to have explicitly discussed this opinion evidence in the body of the decision, her failure to do so is not necessarily fatal to the decision.  *See Dyer*, 395 F.3d at 1211 (an ALJ is not required to specifically refer to every piece of evidence used in making his decision, but the ALJ's decision as a whole must be supported by substantial evidence in the record).  In two somewhat similar cases,

11

the Southern District of Alabama found the ALJ's omission of reference to multiple teachers' evaluations was not cause to remand those cases.  In *Cox ex rel. J.J.R.*, the court determined the ALJ's failure to discuss the narrative letters provided by two of the child's teachers was not error as the ALJ's decision revealed that he carefully considered all the relevant evidence and the decision that the child was not disabled was supported by substantial evidence.  2012 WL 1094443 at *8-9.  In *Reed ex rel DMR*, the court likewise found that the ALJ's failure to discuss or assign any weight in his decision to the opinions of two of the child's teachers did not require reversal in light of the ALJ's specific statements that he had considered the whole record, including the medical and non-medical opinion evidence.  2009 WL 3571699 at * 2-4.  Neither court found reason to doubt the ALJ's assertion, given the detail in the decision allowed the courts to conclude the ALJ had considered all of the evidence.  *See* 2012 WL 1094443 at *9; 2009 WL 3571699 at *3-4.

The failure to discuss specific evidence does not mean that evidence was not considered.  *McCray v. Massanari*, 175 F.Supp.2d 1329, 1336 (M.D. Ala. 2001).  In this instance, the Court finds sufficient detail in the ALJ's decision to satisfy itself that the ALJ considered all the record evidence, both medical and non-medical.  Here, the Court has no reason to doubt the ALJ's statements that she "considered the complete medical history," ... "considered all of the relevant evidence in the case record [including] information from other sources, such as school teachers, family members, or friends, the claimant's statements (including statements from the claimant's parent(s) or other caregivers), and any other relevant evidence in the case record, including how the claimant functions over time and in all settings" ... and found J.C. was not disabled under the Social Security Act

12

"[a]fter careful consideration of all the evidence" (Tr. 10, 13).

## Examining Psychologist's Opinion

Plaintiff further argues that the ALJ committed reversible error by failing to give weight to, or mention, the opinion of Nadine Henry, Ph.D., an examining school psychologist. Plaintiff's Brief at 15. Dr. Henry examined J.C. on September 1, 2004 and completed a narrative Psychoeducational Report for the Orange County, Florida Public Schools (Tr. 145-52). The purpose of the examination and report were to determine what assistance or services were needed for J.C. to be successful in school (Tr. 144). Contained within the narrative report are the results of three standardized tests, on which J.C.'s scores fell in the below average range on all but verbal reasoning skills, which were average (Tr. 145-49). The report culminates with Dr. Henry's finding J.C. demonstrated "processing deficits in the area of long-term retrieval" and recommending a number of steps the classroom teachers could take to assist in J.C.'s learning (Tr. 150-52).

Psychologists are acceptable medical sources. 20 C.F.R. § 416.927(a)(2). In this case, the school psychologist was an examining source from 2004. Examining source opinions are generally entitled to more weight than non-examining source opinions, but less than treating source opinions. 20 C.F.R. § 416.927(c). As with all evidence presented by the Plaintiff, the ALJ had an obligation to consider this report. It is true the ALJ did not explicitly refer to Dr. Henry's Psychoeducational Report in her decision. In this instance, however, nothing in the Psychoeducational Report indicates J.C. is more limited than the ALJ determined in her analysis of J.C.'s functioning within each domain. As noted earlier, failure to explicitly refer to a piece of evidence is not determinative *per se* of whether that evidence was considered. *See McCray*, 175 F. Supp. 2d at 1336. Moreover, this report

13

was completed by an examining source, who had no long term treating relationship with the minor child.  The failure to specifically refer to this six year old report in the decision to deny J.C.'s disability claim is, at most, harmless error.  *Cf. Wright v. Barnhart*, 153 Fed. Appx. 678, 684 (11th Cir. 2005) (the court noted though although the ALJ must clearly articulate the reasons for giving less weight to the opinion of a treating physician, and normally failure to do so is reversible error, such failure was harmless error when correct application of the Regulations would not contradict the ALJ's ultimate findings).  Explicit discussion of the contents of this report would not have altered the ultimate decision finding J.C. was not disabled under the Social Security Act.[7]

## The IQ Test Results and Plaintiff's Status as a Special Education Student

Plaintiff correctly notes that J.C.'s full-scale IQ was reported to be 73 and J.C. attends special education classes.  Plaintiff's Brief at 16.  In conclusory fashion, Plaintiff claims both factors are indications of "serious, marked limitations in the ability to acquire and use information."  *Id*.  Whether these factors indicate serious or marked limitations in J.C.'s ability to acquire and use information is not the question before the Court, however. The Court is called upon to determine whether substantial evidence supports the ALJ's findings and whether the ALJ made her findings pursuant to the law.  See *Richardson*, 402 U.S. at 390; *McRoberts*, 841 F.2d at 1080.

In this case, the ALJ noted the minor child had a "full scale IQ score of 73," as well as had a verbal comprehension score of 83, a perceptual reasoning score of 96, a working

---

[7]Moreover, as noted in the following section, the ALJ's explicit references to tests administered by Dr. Henry implicitly demonstrates the ALJ's consideration of Dr. Henry's opinion.

memory score of 68, and a processing speed score of 59 (Tr. 15).  ALJ Mahon explicitly noted J.C. had been administered the Differential Abilities Scales and the Woodcock Johnson Psycho-educational Battery- Third Edition (Tr. 15).  These tests were administered by school psychologist Dr. Nadine Henry (*see* Tr. 145-49) and referred to by Dr. William W. Austin, Psy. D., who conducted a mental health care examination at the request of the Office of Disability Determinations (*see* Tr. 15, Tr. 361).  The ALJ devotes a lengthy paragraph to discussion of Dr. Austin's findings, with specific references to these particular tests and to J.C.'s IQ.  In recounting J.C.'s testimony, the ALJ explicitly refers to the child's enrollment in seventh grade intensive reading and math classes and the fact he receives "special instruction because he has difficulties understanding the instructions" (Tr. 14).

It is clear the ALJ considered J.C.'s IQ and special education class status in making her findings.  There is no error in the ALJ's review and consideration of these factors.

## CONCLUSION

In summary, Plaintiff takes issue with the determination the ALJ did not find J.C. had an extreme limitation in the domain of attending and completing tasks, and with the determination that J.C. had less than marked limitation in the domain of acquiring and using information.  Plaintiff points to some evidence in the record that may arguably support different findings.  However, the Court is not in a position to re-weigh the evidence.  *See Bloodsworth*, 703 F.2d at 1239; *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005).  Similar to the court's findings in *Cox ex rel. J.J.R.*, this Court finds the ALJ's decision reveals she carefully considered all the relevant evidence and her decision is supported by substantial evidence.  *See Cox ex rel. J.J.R.*, 2012 WL 109443 at *8.  Plaintiff's suggestion that the ALJ's findings in the domains of acquiring and using information, and in attending

15

and completing tasks, require further consideration is without merit.  *See id.* at *10.  On the facts of this case, a reasonable mind could conclude that J.C. is not disabled.  *See Bloodsworth*, 703 F.2d at 1239.

For the foregoing reasons, the undersigned finds the decision of the ALJ that the minor child, J.C.,  is not disabled within the meaning of the Social Security Act is supported by substantial evidence.  Accordingly, the Commissioner's decision is hereby **AFFIRMED** pursuant to sentence four of 42 U.S.C. § 405(g).  The Clerk of the Court is directed to enter judgment consistent with this Order and Opinion and, thereafter, to close the file.  Each party shall bear its own costs.

**DONE AND ORDERED** at Jacksonville, Florida this 17ᵗʰ day of September, 2012.

Copies to:
Counsel of Record

THOMAS E. MORRIS
United States Magistrate Judge